IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KUECKER EQUIPMENT CO., INC. ) | Case No. 05-49715-abf |
| ) | |
| ) | |
| Debtor. ) | |

AMENDED ORDER DENYING MOTION OF DEBTOR
TO ENFORCE AUTOMATIC STAY AND RELEASE GARNISHED FUNDS

As announced in court at the close of the hearing held on June 6, 2006, the referenced motion filed by the Debtor is DENIED.

Kuecker Equipment Company, Inc. ("Debtor") filed this Chapter 11 case on October 14, 2005. Debtor is owned by Stanley Kuecker. Mr. Kuecker owns a separate company, Key Management Systems, Inc. ("Key"), which is not in bankruptcy. Key was established in 1997 as a "C" corporation. The Debtor is a subchapter "S" corporation. Through the years, pursuant to an agreement with the Debtor, Key provided "consulting" services to the Debtor, which apparently consisted principally of paying its payroll, its insurance costs, and retirement benefits due its employees. In return, the agreement provided that the Debtor would pay Key the amount necessary to pay such obligations, plus a management fee of up to $50,000 per year. The $50,000 management fee was then either paid to Mr. Kuecker by Key as a dividend, or was retained by Key as retained earnings, and taxed at a lower rate than Mr. Kuecker himself would have paid on such income.

At some point, the retained earnings held by Key were taken out of the company. In December 2005, the Debtor transferred to Key in excess of $85,000 for the purpose of meeting its payroll.

Tom Garvey holds a judgment against both the Debtor and Key. Once the Debtor placed funds in the bank account of Key, Garvey executed on such judgment by garnishing those funds in the hands of the bank. Such funds are currently escrowed in the registry of the Cass County Circuit Court, which has been asked to determine whether Mr. Garvey or Great Western Bank has the senior priority position. Debtor seeks to have the automatic stay that has been imposed in its own bankruptcy case extended to include these funds, on the theory that it retains an interest in the funds.

Debtor argues that the funds it paid to Key remained its own property, and that Key was simply acting as a conduit for such funds. The basis for this argument is that since both companies were owned by Mr. Kuecker, funds held by Key should be treated as if they were held by the Debtor. But Key was not just a conduit; it was set up for the purpose of reducing Mr. Kuecker's tax obligations, and therefore had through the years accumulated other assets. This is not a case in which the Debtor retained control of the funds by segregating them in an escrow account, as was so in several of the cases cited by Debtor. Nor were the funds held by Debtor pursuant to a trust agreement with the Debtor. Nor was Key acting as custodian of such funds. To argue that Key would have used the funds as the Debtor wanted them to is to beg the question. Once the funds were transferred to Key, and not protected by being placed in an escrow or trust account, they became exposed to the claims of Key's creditors. Like any company which has a judgment against it and is not in bankruptcy, a garnishing creditor is entitled to the funds, regardless of the intention of the company's management to spend them elsewhere.

If the Debtor wished to have the benefit of the automatic stay for funds transferred to Key, then it should have and could have filed a Chapter 11 case on behalf of Key, and exposed

any transactions involving Key to the scrutiny of its creditors, of which Mr. Garvey is one. Or, it could have simply paid its payroll out of its debtor-in-possession account. Since the garnished funds are not an asset of the Debtor's bankruptcy estate, the appropriate state court is free to determine whether Mr. Garvey or Great Western Bank has priority with respect to such funds.

    IT IS SO ORDERED.

                                    /s/ Arthur B. Federman
                                         Bankruptcy Judge

Date: June 8, 2006

JONATHAN MARGOLIES TO SERVE PARTIES NOT RECEIVING ELECTRONIC NOTICE